After a jury trial, the defendant was convicted of violating an abuse prevention order. The issue on appeal is whether the trial judge erred in denying the defendant's motion for a required finding of not guilty. We affirm.
Background. We summarize the evidence in the light most favorable to the Commonwealth. Commonwealth v. Cordle, 404 Mass. 733, 734 (1989). The defendant stipulated at trial that he had notice of the abuse prevention order in effect on the date of the offense. The order required the defendant to stay away from the loft and studio property where the victim lived and worked (the property). On or about November 13, 2013, the manager of the property created a posting with photographs of the defendant identifying him as someone not allowed within 100 yards of the property and advising anyone who saw the defendant to call 911. The property manager distributed this posting via an electronic mail message (e-mail) to residents and hung the posting in the loft's main entry, laundry room, and rear entry. A witness who resided at the property testified that he received this e-mail and saw the poster every day when he arrived home.
Three days later, on November 16, 2013, the witness was in the property's parking lot when a dark colored sedan caught his attention by driving through the parking lot in a direction opposite to that in which people generally drove. The vehicle was well lit by sunlight, had the driver's side window down, and drove in the witness's direction at a walking pace, allowing the witness to see the driver for approximately ten to fifteen seconds from a distance of approximately fifteen feet. The driver of the vehicle locked eyes with the witness. The witness described the driver as dark complexioned, wearing a dark top and a backwards dark blue or black baseball cap with a white insignia. The witness recognized the driver's face from the poster and called the police.
Minutes after receiving the call, Officer David Couture met the witness and obtained the driver's description. Meanwhile, Officer Robert Rayne was patrolling a street within one mile of the property when he noticed two males fighting and intervened. The defendant was one of the men fighting. Rayne broadcasted that he had encountered the defendant and Couture responded to the location. Couture noticed that the defendant's clothing matched the witness's description of the driver, and arrested the defendant for violating the restraining order.
The defendant does not dispute that he is the person in the photographs on the poster. A copy of the poster with redactions was admitted into evidence, and the witness identified a particular photograph on the poster as depicting the driver. The witness was not asked to directly identify the defendant at trial as the person he saw driving the car on the property on the day in question.
Discussion. The defendant argues that the evidence presented at trial is insufficient to establish beyond a reasonable doubt that he was the driver of the vehicle at the property. "The standard which we apply in reviewing the propriety of the denial of a motion for a required finding of not guilty is whether the evidence, read in a light most favorable to the Commonwealth, was sufficient to satisfy a rational trier of fact of each element of the crime beyond a reasonable doubt." Commonwealth v. Amado, 387 Mass. 179, 186 (1982) (quotation omitted).
The evidence recounted above was sufficient to allow the question of the defendant's guilt or innocence to go to the jury. "There was no evidentiary gap in the Commonwealth's case, merely a question of the weight to be accorded" to the evidence. Commonwealth v. Russell, 46 Mass. App. Ct. 307, 311 (1999). While the defendant notes variations in some details of the witness's description of the driver's clothing and the officers' descriptions of the defendant's clothing, and argues that there was no evidence that he owned or possessed car keys or a vehicle, it was for the fact finder to resolve possible conflicting inferences. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 309. Additionally, the judge properly instructed the jury on witness identification and included instructions for honest mistake and cross-racial identification, which speak to the evidence's weight. See Commonwealth v. Bastaldo, 472 Mass. 16, 23 (2015) ; Commonwealth v. Wen Chao Ye, 52 Mass. App. Ct. 850, 857 (2001).[3]
Judgment affirmed.
Order denying motion for new trial affirmed.

The defendant's appeal from the order denying his motion for a new trial is also before us in this consolidated appeal, but as he pursues no argument on this subject, we affirm the order without further discussion.